**SO ORDERED.**

**SIGNED September 14, 2010.**



_____
**HENLEY A. HUNTER
UNITED STATES BANKRUPTCY JUDGE**

_____

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

IN RE:                                                                                         CASE NO: 10-80387
    CLIFTON L. BROWNELL
    WENDY JO BROWNELL

REASONS FOR DECISION

This matter comes before the Court on the debtors' Objection to Proof of Claim filed by Blue World Pools, Inc. ("BWP") and on Confirmation of the Debtors' Chapter 13 Plan, together with the objection to confirmation filed by BWP. This is Core Proceeding pursuant to 28 U.S.C. ' 157(b)(2)(B) and (L). This Court has jurisdiction pursuant to 28 U.S.C. '1334 and by virtue of the reference by the District Court pursuant to Local District Court Rule 83.4.1 incorporated into Local Bankruptcy Rule 9029.3. No party at interest has sought to withdraw the reference and the district court has not done so on its own motion. This Court makes the following findings of fact and conclusions of law in accordance with Federal Rule of Bankruptcy Procedure 7052. Pursuant to these reasons, the debtor's Objection to the Claim of Blue World Pools is sustained, the objection to confirmation filed by BWP is overruled, and the Chapter 13 Plan is Confirmed.

**FINDINGS OF FACT**

BWP filed a claim for $13,204.80, as a secured creditor, based on a Multiple Indebtedness Mortgage recorded on August 20, 2007, pursuant to the sale of an above-ground pool installed at the debtors' primary residence. Debtors' objected to the claim on the basis that BWP violated the Truth in Lending Act 15 U.S.C. § 1601, *et seq*. (TILA), that debtors have timely exercised their right to rescind the contact, and request the Court confirm a plan that proposes to surrender the collateral to BWP in full satisfaction of the claim. The Objection further requests the cancellation of the Mortgage, a return of any funds paid by debtors to BWP, and an award of attorneys fees and damages in the amount of $2,500.00.[1]

At the hearing on the Objection to Claim and Confirmation, counsel to the debtors questioned Mrs. Brownell concerning her interaction with the BWP salesman, the signing of documents, and her understanding of the terms of the contract of sale. In response, BWP offered no testimony, other than the cross examination of Mrs. Brownell.[2] While Mrs. Brownell's inexact recollection of dates was not helpful, the following undisputed facts are relevant:

1) the Debtors only signed documents on two occasions – the first being on the visit of the BWP salesman on June 14, 2007, and second being on the date of the installation of the pool on July

---

[1] Under F.R.B.P. 3007(b) A party at interest shall not include a demand for relief of kind specified in Rule 7001 in an objection to the allowance of a claim, but may include the objection in an adversary proceeding. Although the objection to the claim [Doc. #20] requests the reclassification of the claim to unsecured status, the plan itself [Doc. #4] proposes to surrender the collateral in full satisfaction.

[2] These reasons expressly note that BWP introduced no evidence opposing the debtors proposed surrender of the collateral in full satisfaction of the claim as being impractical or inequitable. Indeed, BWP asserted only in both its objection to confirmation and its response to debtors' objection that the disclosures were correct.

17, 2007;

2) the debtors contemporaneously signed and dated both the Notice of Right to Cancel and the separate Certificate That Customer Does Not Cancel Transaction on July 17, 2007;

3) BWP does not dispute that the pool was installed on the date the Notice of Right to Cancel and Certificate That Customer Does Not Cancel Transaction was signed;

4) On July 6, 2010, Debtors filed a Notice of Rescission of the contract in this case and gave BWP notice of same. (Doc. #19).

**Law and Analysis**

A claim is deemed allowed under 11 U.S.C. § 502(a) unless an objection is filed. If an objection is filed, "the court, after notice and a hearing, shall determine the amount of such claim in lawful currency of the United States as of the date of the filing of its petition, and shall allow such claim in such amount except to the extent that- (1) such claim is unenforceable against the debtor and property of the debtor, under any agreement or applicable law for a reason other than because such claim is contingent or unmatured."

Allowability standards are determined by the provisions of § 502(b)(1)-(8). Under Sub-section (1), the trustee is basically given the benefit of any defense available to the debtor of a personal nature which the debtor could have interposed, absent bankruptcy, in a suit on the claim by the creditor. *See* <u>Collier on Bankruptcy</u>, 15th Edition, Vol. 4, § 502.02; 11 U.S.C. § 558.

State law controls the validity of the claim. *Matter of Ford*, 967 F.2d. 1047 (5th Cir. 1992). It follows that if under state law, the claim is unenforceable against the debtor, that unenforceability, <u>vel non,</u> can be established by post-filing events under § 502(b)(1). 11 U.S.C. § 558.

3

This Court must also consider the burden of proof in the claims allowance process. Rule 3001(f) and section 502(a) provide that a claim or interest as to which proof is filed is "deemed allowed," the burden of initially going forward with the evidence as to the validity and the amount of the claim is that of the objector to that claim, i.e., the allegations of the proof of claim are taken as true and establish the prima facie claim. If an objection is filed, the objector must produce evidence and show facts tending to defeat the claim by probative force equal to that of the allegations of the proofs of claim themselves, however the ultimate burden of persuasion is always on the claimant. If the objector presents sufficient evidence to rebut the claimant's prima facie case, it remains for the claimant to prove the claim as to its validity and as to its amount and not for the objector to disprove it, thus the burden of ultimate persuasion rests on the claimant to prove that his claim is appropriate for purposes of sharing in the distribution of the debtor's assets. That proof must be by a preponderance of the evidence, and it is for the bankruptcy judge to determine whether or not that has been achieved, with due regard being given to the probative value of the proof of claim itself. *See* Collier on Bankruptcy, 15th Edition, Vol. 4, § 502.02.[3][f].

In *Matter of Howard*, 972 F.2d 639 (5th Cir. 1992), the Fifth Circuit held that it is the duty of debtor's counsel to examine the claims and, if necessary, file an objection, notwithstanding the fact that an order of confirmation may have already been entered, and no objection to confirmation had been filed. Debtors have objected to the claim of BWP and presented both testimony and documentary evidence in support of the Objection.

Debtors' objection is based on the failure of BWP to comply with the Truth and Lending Act (TILA) in the 2007 transactions. The sole issue herein is whether the debtors were deprived of their right to rescind the contract with BWP. The 5th Circuit Court of Appeals has provided the following

4

synopsis of the applicable provisions of TILA in detail:

> TILA provides that in the case of any consumer credit transaction in which a security interest will be retained on any property used as the consumer's principal dwelling, the consumer *shall* have the right to rescind the transaction until midnight of the third business day following the consummation of the transaction or delivery of the material disclosure and rescission forms, whichever is later. 15 U.S.C. § 1635(a). If the creditor fails to deliver the forms, or fails to provide the required information, then the consumer's right of rescission extends for three years after the date of consummation of the transaction. 15 U.S.C. § 1635(f). An associated regulation provides that
>
>> "The Consumer may exercise the right to rescind until midnight of the third business day following consummation, delivery of the notice required by paragraph (b) or this section, or delivery of all *material disclosures,* whichever occurs last. If the required notice or material disclosures are not delivered, the right to rescind shall expire 3 years after consummation, upon transfer of all the consumer's interest in the property, or upon sale of the property, whichever occurs first."12 C.F.R. § 226.23(a)(3) (emphasis added).
>
> In order to exercise the right to rescind, the consumer shall notify the creditor of the rescission by mail, telegram or other means of written communication. 12 C.F.R. § 226.23(a). The notice of right to rescind must identify the transaction and "shall clearly and conspicuously disclose" the security interest in the home, how to exercise the right to rescind, and a form for that purpose, the effects of rescission, *and the date the rescission period expires.* 12 C.F.R. § 226.23(b). Moreover, the regulation provides that no money shall be disbursed, no services shall be performed, and no materials delivered until the rescission period has expired and the creditor is reasonably satisfied that the consumer has not rescinded. 12 C.F.R. § 226.23(c). When a consumer rescinds a transaction, the security interest giving rise to the right of rescission becomes void and the consumer shall not be liable for any amount, including any finance charge. 12 C.F.R. § 226.23(d). If the creditor has delivered any money or property when the consumer exercises his right to rescind, then the consumer shall tender the money or property to the creditor or if that is impracticable or inequitable, the consumer will tender its reasonable value. 12 C.F.R. § 226.23(d).

*Taylor v. Domestic Remodeling, Inc.*, 97 F.3d 96, 98 (5th Cir. 10/14/1996).

Counsel for BWP argues in brief that the debtors had notice of a three day cancellation period in a document signed on June 14, 2007, and that the one given on July 14, 2007 was merely superlative. However, the June 14, 2007 document titled,

5

"CASH/FINANCING/INSTALLATION/CANCELLATION AGREEMENT," does not reference a Mortgage and does not comply TILA in that the date of the expiration of the three day period in which debtors could cancel is not written. Counsel's argument further fails when examining the July 17, 2007 documents titled, "Notice of Right to Cancel" (which does provide how to cancel and the date on which that should period should expire, showing same not to be a duplicate or superlative), and "Certificate That Customer Does Not Cancel Transaction," which suspiciously instructs the signer to post-date the document by 4 days. (*See* Exhibit D 1-2).

This Court finds that the practice of contemporaneous extension of the Notice of Right to Cancel and demand for execution of the certificate that the debtor will not cancel, together with the delivery and installation of the contemplated item of sale, constitutes a material breach of the seller's TILA obligations, thereby extending the rescission rights of the debtors to three years, i.e. until July 14, 2010. That right having been exercised on July 6, 2010 (Doc. #19), this Court finds the sale was timely rescinded, the Objection should be sustained insofar as it requests the cancellation of the mortgage, the return of any funds paid by debtors to BWP, and the plan confirmed to permit the surrender of the collateral in full satisfaction of the claim.

**Conclusion**

Accordingly, the debtors' Objection to the claim of the BWP is sustained, BWP is directed to cancel its mortgage on debtors' residence and refund any funds paid by the debtors. Moreover, the plan, which proposes the surrender of the collateral to BWP in full satisfaction of the claim is confirmed, absent the objections of any other creditor to confirmation, and considering the report of the Standing Chapter 13 Trustee that the debtors are current on their plan payments.

To the extent debtors seek any additional damages or attorney fees, those

requests are dismissed without prejudice to the filing of an adversary proceeding to seek such relief in accordance with F.R.B.P. 3007(b) and 7001 *et seq.* Separate and conforming orders will be entered. Further, the Standing Chapter 13 Trustee will be directed to provide the Court with a proposed Order of Confirmation consistent with these reasons.

# # #